PETROPLUS, JUDGE:
The failure of the Workmen’s Compensation Fund of West Virginia to pay the claimant on an award made by the Fund on June 11, 1973, in the amount of $1,455.00 is the basis of this claim.
*89 It appears from the pleadings that a check was issued in this amount and mailed to the claimant on March 8, 1974, at his last known address. The claimant’s attorney on making inquiry was advised by the Fund that the employer had received the check but had failed to forward it to the claimant. The employees of the Fund promised counsel after numerous inquiries that the check would be voided and a new check would be issued. The Fund has failed to take any action to rectify the failure of delivering a check to the claimant.
The respondent’s answer raises a question of jurisdiction, citing Chapter 14, Article 2, Section 14, of the West Virginia Code, as amended which states:
“The jurisdiction of the Court shall not extend to any claim ...
2. For a disability or death benefit under Chapter 23 of this Code.”
Chapter 23 deals with the payment of benefits under the West Virginia Workmen’s Compensation law.
It is quite obvious that this Court does not have jurisdiction to make an award if a claim is against the Workmen’s Compensation Fund. If the claimant was awarded a sum as compensation for his permanent partial disability and assuming that neither party has taken an appeal from said award, the claimant has an adequate remedy at law in the courts of this State. The payment of an award after it has become final is purely a ministerial act and not judicial or discretionary. Mandamus is the proper remedy for the claimant, if the refusal to pay is arbitrary or capricious.
For the foregoing reasons it is the judgment of this Court that the claim should be dismissed for want of jurisdiction.
Claim dismissed.